UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| RALPH BUCHHOLD, | ) | CIV. 11-5004-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| DOUGLAS WEBER, Warden, | ) | |
| South Dakota State Penitentiary; | ) | |
| MARTY JACKLEY, Attorney | ) | |
| General of the State of South | ) | |
| Dakota; GLENN BRENNER, | ) | |
| Pennington County State's | ) | |
| Attorney; and JEFF W. DAVIS, | ) | |
| Judge, | ) | |
| | ) | |
| Respondents. | ) | |

**INTRODUCTION**

On January 10, 2011, petitioner Ralph Buchhold, appearing *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his state conviction and sentence. (Docket 1). On February 2, 2011, upon leave of the court, Mr. Buchhold amended his petition to add several grounds for relief. (Dockets 10 & 12). Respondents move to dismiss the petition, alleging Mr. Buchhold failed to comply with the one-year statute of limitations governing § 2254 actions, thereby precluding federal review. (Docket 15). Mr. Buchhold resists the motion to dismiss. (Docket 19). For the reasons set out in this order, the amended petition is dismissed with prejudice.

## PROCEDURAL HISTORY

The court limits its recitation to facts necessary to resolve respondents' pending motion.[1]  On February 12, 2004, the state of South Dakota indicted Mr. Buchhold on one count of second degree rape, six counts of third degree rape, and four counts of sexual contact with a child under sixteen.  The charges stemmed from allegations made by Mr. Buchhold's minor child.  The case proceeded in the Seventh Judicial Circuit Court for the State of South Dakota, Pennington County.

Mr. Buchhold pled not guilty to the charges, and the case continued to trial.  On July 14, 2005, a jury found Mr. Buchhold guilty on all eleven counts of the indictment.[2]  On September 6, 2005,[3] the circuit court entered judgment against Mr. Buchhold, sentencing him to a total of 175 years imprisonment with credit for time served.

On September 8, 2005, Mr. Buchhold filed a *pro se* motion for mistrial. The circuit court did not rule on the motion because on October 5, 2005, Mr. Buchhold, through his counsel, filed a notice of appeal to the South Dakota Supreme Court.  After hearing oral argument, the supreme court filed its opinion on January 31, 2007.  State v. Buchhold, 727 N.W. 2d 816 (S.D.

---

[1]The court thoroughly reviewed Mr. Buchhold's state court files. His criminal case number in the state circuit court is CR. 04-614, his habeas case number in the state circuit court is the same, and his criminal appeals case number in the South Dakota Supreme Court is 23839.

[2]The verdict was filed on July 15, 2005.

[3]The judgment was filed on September 7, 2005.

2007).  In a judgment filed the same day, the supreme court affirmed the judgment of the circuit court.

On June 22, 2007, Mr. Buchhold, through his counsel, moved for leave to file an out-of-time petition for rehearing with the supreme court.  The supreme court denied the motion on June 27, 2007.

Following the denial of his appeal, Mr. Buchhold, at times appearing *pro se* and at other times appearing through counsel, filed a series of post-conviction motions in the circuit court, pertinent of which are as follows:

On January 31, 2008, Mr. Buchhold filed his first petition for writ of habeas corpus.  On March 4, 2008, the circuit court dismissed the petition on the merits and declined to issue a certificate of probable cause.

On August 11, 2008, Mr. Buchhold filed an amended petition for writ of habeas corpus.  On October 8, 2008, the circuit court dismissed the petition.[4]

On November 24, 2008, Mr. Buchhold filed a motion for additional credit for time served.  The circuit court denied the motion on November 25, 2008.

On December 29, 2008, Mr. Buchhold filed a third petition for writ of habeas corpus.  On February 12, 2009, Mr. Buchhold filed a motion to correct or modify sentence.  On February 19, 2009, the circuit court dismissed the third habeas petition as frivolous.[5]  On March 2, 2009, the circuit court denied the motion to correct or modify sentence.

---

[4]The circuit court's order was filed October 9, 2008.

[5]The circuit court's order was filed February 23, 2009.

On November 4, 2010, Mr. Buchhold filed a fourth petition for writ of habeas corpus.  On December 7, 2010, the circuit court dismissed the petition with prejudice.

On December 9, 2010, Mr. Buchhold filed a motion to reduce, vacate, or set aside his conviction and sentence.  On December 13, 2010, he also filed a fifth petition for writ of habeas corpus.  On December 17, 2010, the circuit court refused to consider these submissions on the basis they were redundant and already adjudicated.

On January 10, 2011, in the United States District Court for the District of South Dakota, Western Division, Mr. Buchhold filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket 1).  On February 2, 2011, upon leave of the court, Mr. Buchhold amended his petition to add several grounds for relief.  (Dockets 10 & 12).

## DISCUSSION

Respondents move the court to dismiss Mr. Buchhold's § 2254 petition on statute of limitations grounds.  (Docket 15).  Respondents allege the petition is time-barred because it was filed well in excess of the one-year statute of limitations governing § 2254 petitions.  The issue before the court is whether Mr. Buchhold's petition complies with this limitations period and, if not, whether the doctrine of equitable tolling applies to the facts of the case.

**A.     Commencement of the Limitations Period**

Section 2254 of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), controls when

a person in state custody pursuant to a state court judgment applies for a writ of habeas corpus in federal court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

With the enactment of AEDPA, "a state prisoner seeking federal habeas corpus relief [is required] to file his federal petition within a year after his state conviction becomes final." Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). This one-year statute of limitations is codified in 28 U.S.C. § 2244(d)(1) as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections (B), (C), and (D) of § 2244(d)(1) are inapplicable to

Mr. Buchhold's case.  The court finds the limitations period began to run on

the date Mr. Buchhold's state court judgment became final.  28 U.S.C.

§ 2244(d)(1)(A).

A judgment or state conviction is final at either "(i) the conclusion of all

direct criminal appeals in the state system, followed by either the completion or

denial of certiorari proceedings before the United States Supreme Court; or (ii)

if certiorari was not sought, then by the conclusion of all direct criminal

appeals in the state system followed by the expiration of the time allotted for

filing a petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.

1998).  The time allotted for filing a petition for writ of certiorari with the

United States Supreme Court is ninety days.  Jihad v. Hvass, 267 F.3d 803,

804 (8th Cir. 2001).  Direct review of Mr. Buchhold's judgment became final on

May 1, 2007, ninety days after the South Dakota Supreme Court entered an

order affirming the judgment of the circuit court.[6]  Absent statutory or

equitable tolling, Mr. Buchhold had one year, or until April 30, 2008, to file a §

2254 petition in federal court.  See 28 U.S.C. § 2244(d)(1)(A) & (d)(2).

---

[6]The South Dakota Supreme Court entered its order on January 31,
2007.

**B.     Statutory Tolling**

AEDPA's statute of limitations is subject to statutory tolling as codified in

28 U.S.C. § 2244(d)(2).  The limitations period is tolled, or does not include, the

time during which a "properly filed application for State post-conviction or

other collateral review" is pending in state court.  Id.; see also Faulks v. Weber,

459 F.3d 871, 873 (8th Cir. 2006) (same).  The phrase "post-conviction or other

collateral review" encompasses the "diverse terminology that different States

employ to represent the different forms of collateral review that are available

after a conviction."  Duncan v. Walker, 533 U.S. 167, 177 (2001).  Thus, the

tolling provision "applies to all types of state collateral review available after a

conviction[.]"  Id.

A properly filed application for state collateral or post-conviction review

"is one that meets all the state's procedural requirements.  Courts interpret the

words 'properly filed' narrowly."  Beery v. Ault, 312 F.3d 948, 950-51 (8th Cir.

2002); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is

'properly filed' when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings.").  State rules usually prescribe

"the form of the document, the time limits upon its delivery, the court and

office in which it must be lodged, and the requisite filing fee."  Artuz, 531 U.S.

at 8 (footnote omitted).

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it."  Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); see also Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002) (post-conviction proceeding remains "pending" for the period in which state supreme court would have entertained an appeal even if petitioner did not file an appeal).  State proceedings are *not* pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court."  Jihad, 267 F.3d at 805 (citing Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001) (joining other circuits)).  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed."  Maghee, 410 F.3d at 475.

The record is clear Mr. Buchhold filed his § 2254 petition long after the deadline for doing so.  AEDPA's one-year statute of limitation began on May 1, 2007, and did not toll until January 31, 2008, when Mr. Buchhold filed his

first habeas petition in circuit court.[7]  See id.  This period of delay is 275

days–delay which counts against AEDPA's statute of limitations.

The period of time from January 31, 2008, until March 24, 2008, tolled

the limitations period.[8]  However, the limitations period ran again on March 24,

2008, until August 11, 2008, when Mr. Buchhold filed an amended habeas

petition in circuit court.  This period of delay is 140 days–delay which counts

against AEDPA's statute of limitations.

The court need not calculate further.  By the time Mr. Buchhold filed his

amended habeas petition in circuit court, AEDPA's statute of limitations

expired.  The record is clear Mr. Buchhold's § 2254 petition is time-barred and

federal review cannot lie unless the doctrine of equitable tolling applies.

---

[7]During this time, the only filing made by Mr. Buchhold was a motion for
leave to file an out-of-time petition for rehearing with the state supreme court.
Mr. Buchhold filed the motion on June 22, 2007, and the state supreme court
denied the motion five days later on June 27, 2007.  Because the motion was
out-of-time, it is debatable whether it constitutes a properly filed application for
state collateral or post-conviction review.  The court need not decide this issue.
Even if the court credits Mr. Buchhold with this five-day period, the court's
analysis ultimately does not change.

[8]On March 4, 2008, the circuit court dismissed the petition on the merits
and declined to issue a certificate of probable cause.  For purposes of
calculating statutory tolling, the petition technically remained pending until
Mr. Buchhold could have appealed to the South Dakota Supreme Court,
although he did not.  Williams, 299 F.3d at 983.  Upon the circuit court's
refusal to issue a certificate of probable cause, Mr. Buchhold had twenty days
to file a separate motion for a certificate of probable cause with the South
Dakota Supreme Court.  SDCL § 21-27-18.1.  Thus, Mr. Buchhold's first
habeas petition remained pending until March 24, 2008, when the time for
appeal expired.

## C.    Equitable Tolling[9]

"[B]ecause the one-year time limit contained in section 2244(d)(1) is a

statute of limitation rather than a jurisdictional bar, equitable tolling, if

applicable, may apply." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.

2000).  Equitable tolling is an extraordinary remedy used only in rare

circumstances and "affords the otherwise time-barred petitioner an exceedingly

narrow window of relief[.]" Jihad, 267 F.3d at 805.  "[A]ny invocation of equity

to relieve the strict application of a statute of limitations must be guarded and

infrequent, lest circumstances of individualized hardship supplant the rules of

clearly drafted statutes." Id. at 806 (citation and internal quotation marks

omitted).

Equitable tolling is appropriate only when one of two conditions is

present: (1) "extraordinary circumstances beyond a prisoner's control make it

*impossible* to file a petition on time," or (2) " [respondent's] conduct lulls the

prisoner into inaction." Maghee, 410 F.3d at 476 (emphasis added).  In other

words, a petitioner may be entitled to equitable tolling only when the conduct

of respondents caused the petitioner to be late in filing *or* when "other

---

[9]Although Mr. Buchhold does not specifically argue he is entitled to
equitable tolling, he alleges the conduct of his post-conviction counsel and his
own ignorance of the law prevented the timely filing of his § 2254.  In the
interest of fairness and in light of Mr. Buchhold's *pro se* status, the court will
address whether Mr. Buchhold is entitled to equitable tolling.  See generally
Estelle v. Gamble, 429 U.S. 97, 107 (1976) (a *pro se* litigant's pleadings should
be liberally construed).

circumstances, external to the [petitioner] and not attributable to his actions, are responsible for the delay." Id. (citation and internal quotation markes omitted); see also Kreutzer, 231 F.3d at 463 (extraordinary circumstances must be beyond a prisoner's control).

In addition to one of the above conditions being present, petitioners must demonstrate they "diligently pursue[d] their own post-conviction cases." Maghee, 410 F.3d at 476.

### 1.    Conduct of Respondents

Mr. Buchhold does not allege nor does the court find any evidence that respondents, the State of South Dakota, or the state courts impeded Mr. Buchhold's ability to file a timely § 2254 petition.  "An impediment to filing must be created by *state action*."  Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (emphasis in original).  The only bases for equitable tolling asserted by Mr. Buchhold relate to the conduct of his counsel and his own lack of knowledge and understanding of the law.  (Docket 19).  In the Eighth Circuit, the conduct of post-conviction counsel does not constitute state action for purposes of equitable tolling.  Finch, 491 F.3d at 427.  Further, respondents cannot be blamed for Mr. Buchhold's lack of knowledge or understanding of federal habeas law.  Accordingly, the conduct of respondents, the state, or the state courts does not justify equitable tolling.

## 2. Conduct of Post-Conviction Counsel and Mr. Buchhold's Lack of Knowledge and Understanding of the Law

Mr. Buchhold argues he "should not be at fault" for the conduct of post-conviction counsel.  (Docket 19 at p. 2).  However, it is well settled in the Eighth Circuit that "[i]neffective assistance of counsel generally does not warrant equitable tolling."  Beery, 312 F.3d at 951; Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (same).  Further, "attorney negligence, simple error, or even abandonment" generally does not constitute "extraordinary circumstances" so as to warrant equitable tolling.  United States v. Martin, 408 F.3d 1089, 1096 (8th Cir. 2005) (applying the equitable tolling standard of § 2254 to motions brought under 28 U.S.C. § 2255).

The court reviewed letters written by Mr. Buchhold to the state circuit court regarding the conduct of his post-conviction counsel.  Mr. Buchhold complained he did not receive updates from his counsel regarding the status of his case and his counsel refused to raise certain issues during habeas proceedings.  Even if the court accepts these allegations as true and finds such conduct rises to the level of ineffective assistance of counsel, the conduct is not so extraordinary as to justify equitable tolling.  See, e.g., id. (finding counsel's conduct particularly egregious so as to justify equitable tolling when counsel consistently lied to petitioner regarding filing deadlines, neglected to file any documents on petitioner's behalf, and falsely represented he had filed post-conviction motion; finding petitioner was not at fault for not filing *pro se* post-

12

conviction motion when he understandably relied on counsel's false representations); Beery, 312 F.3d at 951-952 ("Counsel's false representation that a habeas petition has been filed may warrant equitable tolling."); United States v. Riggs, 314 F.3d 796, 799-800 (5th Cir. 2002) ("An attorney's intentional deceit could warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. . . . [M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified[]" even if counsel's conduct may warrant professional discipline.) (citations and internal quotation marks omitted).

The court concludes counsel's actions did not make it impossible for Mr. Buchhold to file a § 2254 petition on time.  See Sellers v. Burt, 168 Fed. Appx. 132 at *2 (8th Cir. Feb. 22, 2006) (unpublished opinion) (petitioner's claim he could not timely file his § 2254 petition because his state post-conviction counsel failed to communicate with him and failed to return his case file did not constitute "extraordinary circumstances" beyond petitioner's control so as to warrant equitable tolling).  This is not a case where a petitioner understandably relied on his counsel's misrepresentation a § 2254 petition had been filed or was going to be filed or misrepresentation there was no applicable statute of limitations.  See Martin, 408 F.3d at 1095.  Nothing in the record indicates Mr. Buchhold's counsel deceived him into believing counsel would assist him in preparing a § 2254 petition.  As evident by the fact Mr. Buchhold

13

filed *pro se* habeas petitions and motions in state and federal court, including the present § 2254 petition, he is capable of articulating his claims, and the factual predicates underlying his claims were known to him by virtue of his trial and direct criminal appeal.

Additionally, the Eighth Circuit has held equitable tolling is not warranted in the following circumstances: counsel's failure to recognize the importance of AEDPA's statute of limitations, counsel's mistake in interpreting AEDPA's statutory provisions, and counsel's miscalculation of the applicable time limits (Kreutzer, 231 F.3d at 463); petitioner's attempt to obtain post-conviction counsel (Jackson v. Ault, 452 F.3d 734, 736-37 (8th Cir. 2006)); petitioner's misunderstanding of the proper procedure to file state post-conviction motions (Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004)); petitioner's ignorance of the enactment of AEDPA and lack of adequate access to the prison law library (Baker v. Norris, 321 F.3d 769, 771-72 (8th Cir. 2003)); petitioner's inability to obtain post-conviction counsel, lack of knowledge regarding procedures for filing post-conviction motions, and lack of access to the trial transcript (Jihad, 267 F.3d at 806-07); and petitioner's lack of understanding of the law and failure to recognize the importance of AEDPA's statute of limitations (Cross-Bey v. Gammon, 322 F.3d 1012, 1016 (8th Cir. 2003)).

Mr. Buchhold also argues his lack of knowledge and understanding of the law should excuse the untimeliness of his § 2254 petition. (Docket 19 at p. 2).  In light of the above case law, the court finds this argument unavailing. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer, 231 F.3d at 463.  This holding is due to the oft-cited legal principle that "everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." Baker, 321 F.3d at 772.  Prisoners pursuing claims under habeas law are not exempt from this principle.  Id.  Although the law in the Eighth Circuit may seem harsh, this court is bound by its precedent.

Finally, actual innocence generally is not a circumstance sufficient to toll AEDPA's statute of limitations.  Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002).  "For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts [establishing actual innocence] in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a [§ 2254] petition within the period of limitations."  Id. at 978.  Mr. Buchhold has not made such a showing.  The factual predicates for his claims were not newly discovered but rather were known to him by virtue of his trial and direct criminal appeal.

15

## CONCLUSION

Mr. Buchhold did not file his § 2254 petition within the one-year statute of limitations mandated by AEDPA.  Statutory and equitable tolling cannot save Mr. Buchhold's petition.  Therefore, federal review cannot lie.  Accordingly, it is hereby

ORDERED that respondents' motion to dismiss (Docket 15) is granted.

IT IS FURTHER ORDERED that Mr. Buchhold's petition for writ of habeas corpus (Docket 1 as amended by Dockets 10 & 12) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further.  In such circumstances, no

appeal would be warranted." Id.  The court does not believe reasonable jurists would find the court's ruling debatable or wrong.  Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Buchhold may timely seek a certificate of appealability from the Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts & Fed. R. App. P. 22.

IT IS FURTHER ORDERED that the Clerk of Court shall promptly mail to Mr. Buchhold a copy of the Rules Governing Section 2254 Cases in the United States District Courts and a copy of the document entitled "Information Regarding Possible Appeal."

IT IS FURTHER RECOMMENDED that Mr. Buchhold thoroughly review the Federal Rules of Appellate Procedure, paying particular attention to Rules 4(a), 22, and 24.

Dated November 23, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE